UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT Q. JACKSON, et al.,<br><br>Defendants. | Case No.: 18CV2278-BAS (BLM)<br><br>**REPORT AND RECOMMENDATION FOR AN ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANT PARAMO FROM PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 18]** |

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss Defendant Paramo from Plaintiff's Complaint be **GRANTED**.

### **PROCEDURAL BACKGROUND**

On September 28, 2018, Plaintiff Clifford Allan Venson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Daniel Paramo, Sergeant Q. Jackson, and Correctional Officers R. Hernandez, A. S. Diaz, Durant, and Juarez. ECF No. 1 ("Compl."). Plaintiff alleged claims under the Eighth Amendment for unnecessary and excessive force. Id.

On January 4, 2019, Defendants Paramo, Jackson, Hernandez, and Diaz[1] filed a motion

---

[1] Defendants Juarez and Durant have not yet been served. ECF No. 18-1 at 2; see also Docket.

to dismiss Defendant Paramo from Plaintiff's complaint for failure to state a claim against Defendant Paramo. ECF No. 18-1 ("MTD"). On January 7, 2019, the Court issued a briefing schedule ordering Plaintiff to file his opposition to the motion on or before February 11, 2019, and Defendants to file their reply on or before February 25, 2019. ECF No. 19. Plaintiff filed a timely opposition on January 22, 2019. ECF No. 21 ("Oppo."). Plaintiff then filed a second opposition on January 28, 2019 [see ECF No. 25 ("Oppo.2")] and a third opposition on February 5, 2019 [see ECF No. 27 ("Oppo.3")]. Defendants replied on February 25, 2019. ECF No. 29 ("Reply").

## **COMPLAINT ALLEGATIONS**

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint, and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

According to the Complaint, Defendants "utilized unnecessary & excessive force on plaintiff" while he was in full restraints and/or handcuffed and then falsified write ups and incident reports regarding the incident. Compl. at 2-3. Specifically,

> [o]n 5/7/18 at 1406 defendant c/o R. Hernandez instructed plaintiff to exit his assigned cell, c/o R. Hernandez placed handcuffs on plaintiff & escorted plaintiff (5) five cells down the tier. Defendant c/o R. Hernandez 'yanked' & 'pulled' plaintiff down to the ground by the handcuffs & said 'stop resisting.' Defendant c/o A.S. Diaz began punching & kicking plaintiff along with Defendant c/o Durant. Defendant c/o Juarez placed leg restraints on plaintiff, Defendant c/o R. Hernandez sat on plaintiff punched & smashed plaintiff['s] face in concrete. While Defendants A.S. Diaz, c/o Durant & c/o Juarez continued to kick, punch & yell at plaintiff, Defendant c/o R. Hernandez, took [a] pepper spray nozzle & sprayed plaintiff in face. [T]he Defendants A.S. Diaz, Durant & Juarez carried plaintiff downstairs to sallyport & began to punch plaintiff in the ribs. The four same defendants carried plaintiff to gym side door & were joined by Defendant Sgt. Q. Jackson & took turns punching plaintiff in head & face. Defendant Sgt. Q. Jackson told plaintiff 'I told you I was gonna get you!' Defendant c/o R. Hernandez issued Plaintiff a write up for 'battery on a peace officer.' Plaintiff submitted an appeal 602 & the Associate

Warden Armenta reissued/rehearing 602 on 9/3/18. Id. at 3. Plaintiff seeks an injunction preventing further retaliation, damages in the amount of $7,000, punitive damages in the amount of $7,000, and mental and emotional damages of $7,000 each. Id. at 5.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed--me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. See Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In order to survive a motion to dismiss, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal construction is "particularly important" in civil rights cases. Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal

1 incorporated the Twombly pleading standard and Twombly did not alter the Court's treatment of *pro se* filings; accordingly we continue to construe *pro se* filings liberally . . . ." This is particularly important where the petitioner is a *pro se* prisoner litigant in a civil rights matter). When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim[] that were not initially pled." Easter v. CDC, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. (quoting Ivey, 673 F.2d at 268).

The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the pleading could not possibly be cured by the allegation of other facts." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). Moreover, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Wayne v. Leal, 2009 WL 2406299, at *3 (S.D. Cal. Aug. 4, 2009) (quoting Ferdik, 963 F.2d at 1261).

To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of the laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must demonstrate that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant." Harris, 652 F. Supp. 2d at 1034 (citation omitted). A particular defendant is liable under § 1983 only when the plaintiff proves he participated in the alleged violation. Id.

## **DISCUSSION**

Plaintiff alleges that he was the victim of excessive force and falsified write ups. Compl. Plaintiff seeks injunctive and monetary relief for mental and emotional damages. Id. at 5.

Defendants move to dismiss Defendant Paramo from Plaintiff's complaint on the ground

4

that Plaintiff fails to state a claim for relief against Defendant Paramo. MTD. The claims against Defendants Jackson, Hernandez, Durant, Juarez, and Diaz are not being challenged in this motion to dismiss. Id.

A. Parties' Positions

Defendants argue that while the complaint alleges actions undertaken by Defendants Jackson, Diaz, and Hernandez, "[t]here are no allegations asserted against Defendant Paramo, and he should be dismissed under Federal Rule of Civil Procedure 12b(6)." MTD at 1-2. Defendants also argue that it is unclear if Plaintiff's claim against Defendant Paramo is based on a direct participation theory or on a supervisory liability theory, but note that both theories fail as Plaintiff has not alleged any facts at all relating to Defendant Paramo. Id. at 2. Defendants state that Plaintiff's complaint fails to meet the requirements of Fed. R. Civ. P. 8(A)(2) because it does not provide any facts that when taken as true show entitlement to relief from Defendant Paramo. Id. at 3. Finally, Defendants argue that Plaintiff has not alleged sufficient information to show supervisory liability on the part of Defendant Paramo. Id. at 3-4.

Plaintiff contends that on May 17, 2018, he was housed in the Administrative Segregation Unit ("Ad Seg") and attended a hearing. Oppo. at 2. Plaintiff states that at that time, Defendant Paramo was in charge of the Classification Committee. Id. Plaintiff contends that Defendant Paramo reviewed and approved a copy of his Rules Violation Report log # 4991440 which he received for battery on a peace officer. Id. at 3. In his second opposition, Plaintiff contends that Defendant Paramo was issued a summons based on supervisor liability. Oppo.2 at 3. In his third opposition, Plaintiff contends that Defendant Paramo was present at his May 24, 2018 classification hearing where litigation was discussed and Plaintiff was told that a hold would be placed on him and he would remain in Ad Seg. Oppo.3. at 3. Despite the promised hold, Plaintiff was transferred to Corcoran State Prison on May 29, 2018. Id. Plaintiff asserts that this transfer could not have occurred without Defendant Paramo's knowledge because he was the Warden. Id.

Defendants reply that Plaintiff has "only alleged an excessive-force cause of action" and that none of the conduct in the complaint is attributed to Defendant Paramo. Reply at 1.

5

18cv2278-BAS (BLM)

Defendants argue that none of the "facts" set forth in Plaintiff's oppositions support an excessive force claim against Defendant Paramo. Id. at 2. Finally, Defendants note that Plaintiff does not address the supervisor liability deficiencies. Id. Defendants reiterate their position that defendant Paramo should be dismissed from the complaint. Id.

B. Analysis

Plaintiff does not mention Defendant Paramo in his complaint, let alone set forth facts sufficient to state a claim showing that he is entitled to relief due to any behavior by Defendant Paramo. Compl. Normally, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Green v. Paramo, 2018 WL 6062359, at *5 (S.D. Cal. Nov. 20, 2018) (quoting Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)). However, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Id. Even considering the new facts presented in Plaintiff's oppositions, Plaintiff fails to sate a claim for relief with respect to Defendant Paramo. A blanket statement that Plaintiff is suing Defendant Paramo for supervisor liability is insufficient to state a claim against Defendant Paramo. See Easter, 694 F. Supp. 2d at 1183 (quoting Ivey, 673 F.2d at 268) ("[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Additionally, Plaintiff fails to explain how Defendant Paramo's alleged knowledge of Plaintiff's transfer to Corcoran State Prison on May 29, 2018 is connected to Plaintiff's claim for excessive force on May 7, 2018.

To state a claim for a constitutional violation under Section 1983, Plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." Johnson v. City of Shelby, 135 S.Ct. 346, 347 (2014) (citing Bell Atlantic Corp., 550 U.S. at 544; Ashcroft, 556 U.S. at 662). Government officials are not liable under § 1983 for their subordinates' unconstitutional conduct based on *respondeat superior* or another theory of vicarious liability, and Plaintiff is required to plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Iqbal, 556 U.S. at 676 (citing Monell v. Dep't of Soc. Servs.,

436 U.S. 658, 691 (1978) (finding no vicarious liability for a "municipal person" under 42 U.S.C. § 1983)). A supervisor may be individually liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). To be held liable, a supervisor need not be physically present when the alleged constitutional injury occurs nor be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." Starr, 652 F.3d at 1205 (citation omitted). Rather, the requisite causal connection is established when a supervisor "set[s] in motion a series of acts by others," or "knowingly refus[es] to terminate a series of acts by others which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (citation omitted). A supervisor may also be held liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates, . . . acquiescence in the constitutional deprivation," or "conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citation omitted). Additionally, a supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen, 885 F.2d at 646 (internal quotation marks and citation omitted).

Because Plaintiff fails to state any facts in his complaint that would support a finding that Defendant Paramo violated Plaintiff's constitutional rights, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**. While Plaintiff's oppositions also do not provide sufficient facts to support a constitutional violation, because Plaintiff is proceeding *pro se*, the Court **RECOMMENDS** that the motion be dismissed with leave to amend. Erickson, 551 U.S. at 94. If this Report and Recommendation is adopted, and if Plaintiff files an amended complaint, Plaintiff must set forth facts fixing the deficiencies identified in this Report and Recommendation and must restate all facts, claims, and Defendants as the amended complaint must be complete in itself and cannot incorporate or reference prior complaints or pleadings. See Ruiz v. Esquibel, 2007 WL 935171, at *4 (S.D. Cal. Mar. 1, 2007) (noting that "Plaintiff's

Amended Complaint must be complete in itself without reference to the superseded pleading. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.") (internal citations omitted); see also Schwartzmiller v. Rodriguez, 2017 WL 4227267, at *4 (S.D. Cal. Sept. 22, 2017) (same) (citing) Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and S.D. CA. CIV. L R. 15.1(a) ("[e]very pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading"). This means that the Court will be unable to consider any of Plaintiff's previously alleged claims unless he includes them in an amended complaint.

**CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, and (2) granting Defendants' motion to dismiss Defendant Paramo from Plaintiff's Complaint with leave to amend.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **March 29, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 19, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 2/28/2019

Hon. Barbara L. Major
United States Magistrate Judge