# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>  Plaintiff,<br><br>v.<br><br>SERGEANT Q. JACKSON, *et al.*,<br><br>  Defendants. | Case No. 18-cv-02278-BAS-BLM<br><br>**ORDER:**<br><br>**(1) APPROVING & ADOPTING REPORT & RECOMMENDATION**<br><br>**[ECF No. 30]**<br><br>**AND**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[ECF No. 18]** |

Plaintiff Clifford Venson ("Plaintiff"), an inmate proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that Defendants Jackson, Hernandez, Diaz, Durant, and Juarez, all correctional officers at Richard J. Donovan Correctional Facility ('RJD") in San Diego, California, used excessive force against him on May 7, 2018 while he was incarcerated at RJD in violation of the Eighth Amendment. (*Id*.) The Complaint's caption identifies Warden Daniel Paramo as a defendant, but the Complaint fails to set forth any factual allegations against Paramo. (*Id*.)

Defendants Paramo, Jackson, Hernandez, and Diaz have moved to dismiss Paramo. (ECF No. 18.) Defendants Juarez and Durant were not served and thus have not joined the motion. (ECF Nos. 7, 8.) Magistrate Judge Barbara Major has issued a Report & Recommendation ("R&R"), which recommends dismissal of Paramo with leave to amend in light of Plaintiff's *pro se* status. (ECF No. 30.) March 29, 2019 was the deadline for either side to file objections to the R&R. (*Id.* at 8.) Plaintiff filed a document on March 11, 2019, which is titled a "motion to amend complaint Civil Rule 15.1(b) & 'objections to R&R.'" (ECF No. 31.) Defendants have not replied, nor filed their own objection.

For the reasons herein, the Court (1) approves and adopts the R&R in its entirety and (2) grants Defendants' motion to dismiss.

**DISCUSSION**

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo

review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Objections must be written and specific. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.) (emphasis added). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013). In the absence of a specific objection, the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *Singleton v. Hernandez*, No. 16-cv-2462-BAS-NLS, 2019 WL 644101, at *17 (S.D. Cal. Feb. 16, 2019); *Afrah v. Sidhu*, No. 14-CV-02303-BAS-NLS, 2015 WL 8759131, at *1 (S.D. Cal. Dec. 14, 2015); *see also* Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).

Although Plaintiff has filed a document which nominally purports to be an "objection" in response to Magistrate Judge Major's R&R, a review of the document shows that Plaintiff has not in fact objected to the R&R. (ECF No. 31.) The document is styled as a complaint, which seeks to add Correctional Caption Phillip Bracamonte as a defendant and a new claim against Defendants for "conspir[ing] together & with subordinates in upholding falsified write up retaliation for plaintiff filing multiple appeals." (*Id.* at 2A, 6.) Plaintiff's filing is plainly not an objection to the R&R and the Court need only satisfy itself that the R&R is not clearly

erroneous. Having reviewed the R&R, the Court finds that Judge Major's recommendation to dismiss Defendant Paramo with leave to amend is not clearly erroneous.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court (1) **APPROVES AND ADOPTS** the R&R in its entirety (ECF No. 30) and (2) **GRANTS** Defendants' motion to dismiss (ECF No. 18). The Court **DISMISSES** Defendant Paramo **WITH LEAVE TO AMEND**.

Plaintiff has submitted an amended complaint to the Court, which is substantively similar to Plaintiff's filing in response to the R&R. The Court will permit the filing of the document and will deem the document as Plaintiff's amended complaint in response to the pleading deficiencies Judge Major identified. The Court **HEREBY ADVISES** Plaintiff that he should refrain from submitting amended complaints to the Court **unless he is specifically granted leave to amend his pleadings by the undersigned**.

**IT IS SO ORDERED.**
**DATED: April 8, 2019**

Hon. Cynthia Bashant
United States District Judge