UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SERGEANT Q. JACKSON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18CV2278-BAS (BLM)<br><br>**REPORT AND RECOMMENDATION FOR AN ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND ORDER GRANTING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF No. 40]** |

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's First Amended Complaint be **GRANTED IN PART AND DENIED IN PART**.

## **PROCEDURAL BACKGROUND**

On September 28, 2018, Plaintiff Clifford Allan Venson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Daniel Paramo, Sergeant Q. Jackson, and Correctional Officers R. Hernandez, A. S. Diaz, Durant, and Juarez. ECF No. 1 ("Compl."). Plaintiff alleged claims under the Eighth Amendment for unnecessary and excessive force. Id.

1

On January 4, 2019, Defendants Paramo, Jackson, Hernandez, and Diaz[1] filed a motion to dismiss Defendant Paramo from Plaintiff's complaint for failure to state a claim against Defendant Paramo. ECF No. 18. Plaintiff filed a timely opposition on January 22, 2019. ECF No. 21. Plaintiff filed a second opposition on January 28, 2019 [see ECF No. 25] and a third opposition on February 5, 2019 [see ECF No. 27]. Defendants replied on February 25, 2019. ECF No. 29. On February 28, 2019, the Court issued a Report and Recommendation for Order Granting Defendants' Motion to Dismiss Defendant Paramo from Plaintiff's Complaint. ECF No. 30. On April 8, 2019, Judge Bashant issued an Order Approving and Adopting Report and Recommendation and Granting Defendants' Motion to Dismiss with Leave to Amend. ECF No. 33.

On March 27, 2019, Plaintiff submitted a First Amended Complaint ("FAC") which was accepted by the Court on discrepancy on April 8, 2019. ECF Nos. 34-35. On May 3, 2019, Defendants R. Hernandez, A. Diaz, Q. Jackson, and D. Paramo filed a Motion to Dismiss Plaintiff's First Amended Complaint.[2] ECF No. 40-1 ("MTD"). Plaintiff filed a timely opposition to the motion on May 13, 2019 [see ECF No. 42 ("Oppo.")] and a declaration in support of his opposition on June 7, 2019. ECF No. 43 ("P. Decl."). Defendants replied on June 24, 2019 [see ECF No. 45 ("Reply")]. On June 16, 2019, Plaintiff submitted a Memorandum Of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss which was accepted by the Court on discrepancy on June 25, 2019. ECF Nos. 46-47 ("P. Memo"). On July 8, 2019, Defendant Bracamonte filed a Notice of Joinder to Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 49.

///

---

[1] Defendants Juarez and Durant have not yet been served. ECF No. 18-1 at 2; see also Docket.

[2] The docket lists a Defendant Durant and a Defendant J. Duran. Defendants state that Defendant Duran was not named in the FAC. MTD at 2 n.3. However, Defendant Duran is listed as a Defendant on page three of the FAC. Defendant Durant is not named in the FAC. Defendant Juarez who is named in the FAC, apparently also has not been served. Id. at 2 ("The named Defendants that have been served are Paramo, Jackson, Hernandez, and Diaz.").

**COMPLAINT ALLEGATIONS**

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint, and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

According to the Complaint, Defendants "utilized unnecessary & excessive force on plaintiff." FAC at 4. Specifically,

> [o]n 5/7/18 at 1406 defendant c/o R. Hernandez instructed plaintiff to exit his assigned cell, c/o R. Hernandez placed handcuffs on plaintiff & escorted plaintiff (5) five cells down the tier. Defendant c/o R. Hernandez 'yanked' & 'pulled' plaintiff down to the ground by the handcuffs & said 'stop resisting.' Defendant c/o A.S. Diaz began punching & kicking plaintiff along with Defendant c/o J. Duran. Defendant c/o K. Juarez placed leg restraints on plaintiff. Defendant c/o R. Hernandez sat on plaintiff punched & smashed plaintiff['s] face into concrete. While defendants A.S. Diaz, c/o J. Duran & c/o K. Juarez continued to kick, punch & yell at plaintiff, Defendant c/o R. Hernandez, took a pepper spray nozzle & sprayed plaintiff in face. [T]he Defendants A.S. Diaz, J. Duran & K. Juarez carried plaintiff downstairs to sallyport & began to punch plaintiff in the ribs. The four same defendants carried plaintiff to gym side door & were joined by defendant Sgt. Q. Jackson & took turns punching plaintiff in head & face. Defendant Sgt. Q. Jackson told plaintiff 'I told you I was gonna get you!'

Id. Plaintiff alleges that his videotaped interview was not conducted for seventeen days and that Defendants "conspired in retaliatory beating to falsify write up." Id. at 4-5. The write up or Rules Violation Report ("RVR") Plaintiff received was classified by Defendant Bracamonte as a battery on Defendant R. Hernandez despite evidence showing that Defendant Hernandez was not "hit" by Plaintiff. Id. at 5. The May 7, 2018 beating was retaliation against Plaintiff for filing a third level appeal. Id. at 5.

Plaintiff next alleges that he received an RVR that was "classified" by Defendant Bracamonte and written by Sergeant J. Canedo on behalf of Correctional Officer Natasha Taylor. Id. at 5. Plaintiff claims that his right to due process was violated by Senior Hearing Officer, Christina Frost, who denied Plaintiff's request to call Sergeant J. Canedo and Officer Natasha

3

Taylor as witnesses at his June 30, 2018 hearing on the RVR. Id. On July 30, 2018, Defendant Paramo ordered a rehearing. Id. Plaintiff alleges that he was again denied due process at his October 3, 2018 rehearing. Id. On December 10, 2018, Warden Covello ordered a rehearing. Id. The rehearing was held on February 28, 2019 and Plaintiff was found guilty of battery. Id. Plaintiff argues that his right to due process was violated because he was not allowed to call the "reporting employee" as a witness and because the RVR was issued to him after forty-five days. Id. Plaintiff seeks mental and emotional damages. Id. at 7.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed--me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. See Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In order to survive a motion to dismiss, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. Id. (quoting Twombly, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal

4

construction is "particularly important" in civil rights cases. Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal incorporated the Twombly pleading standard and Twombly did not alter the Court's treatment of *pro se* filings; accordingly we continue to construe *pro se* filings liberally . . . ." This is particularly important where the petitioner is a *pro se* prisoner litigant in a civil rights matter). When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim[] that were not initially pled." Easter v. CDC, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. (quoting Ivey, 673 F.2d at 268).

The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the pleading could not possibly be cured by the allegation of other facts." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). Moreover, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Wayne v. Leal, 2009 WL 2406299, at *3 (S.D. Cal. Aug. 4, 2009) (quoting Ferdik, 963 F.2d at 1261).

To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of the laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must demonstrate that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant." Harris v. Schriro, 652 F. Supp. 2d 1024, 1034 (D. Ariz. Aug. 11, 2009) (citation omitted). A particular defendant is liable under § 1983 only when the plaintiff proves he participated in the alleged violation. Id.

5

## DISCUSSION

Plaintiff alleges that he was the victim of excessive force, falsified write ups, and a denial of his due process rights. FAC. Plaintiff seeks mental and emotional damages. Id. at 7.

Defendants move to dismiss Plaintiff's FAC because it is barred by the favorable termination doctrine. MTD at 5. Defendants also seek to dismiss Defendant Paramo on the ground that Plaintiff fails to meet the requirements of Fed. R. Civ. P. 8(A)(2) and 12(b)(6). Id. at 7.

### I. **Favorable Termination Doctrine**

Defendants argue that "Plaintiff's excessive-use-of-force, and due-process causes of action are barred by the Favorable Termination Doctrine, and should be dismissed without leave to amend." MTD at 5. Plaintiff contends that his FAC is not barred by the favorable termination doctrine because he is serving a life sentence and the disciplinary conviction and sentence do not impact the length of his confinement. Oppo. at 3. Plaintiff later clarifies that he is "serving 25 yrs. to life, the length of his custody is determined by the board of prisons." P. Memo at 2. Defendants do not address Plaintiff's argument that the Favorable Termination Doctrine is inapplicable because he is serving an indeterminate life sentence. See Reply.

#### A. Legal Standard

The Supreme Court announced the "favorable termination doctrine" by holding that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The favorable termination doctrine has been extended

to prison disciplinary actions involving a loss of good-time credits. See Edwards v. Balisok, 520 U.S. 641, 643-44 (1997). The doctrine does not prohibit a civil rights claim if the claim does not necessarily implicate the underlying disciplinary action. See Sevilla v. Maldonado, 2017 WL 4325343, at *2 (S.D. Cal. Sept. 29, 2017) (citing Muhammad v. Close, 540 U.S. 749, 754-55 (2004)).

B. Judicial Notice

Plaintiff alleges that Defendant Hernandez yanked and pulled Plaintiff to the ground while handcuffed on May 7, 2018 and that Defendants Diaz, Duran, and Juarez punched and kicked Plaintiff while he was down. FAC at 4. Defendant Hernandez then sat on Plaintiff, punched him, and smashed his face into the ground before pepper spraying Plaintiff in the face. Id. The beating continued after Defendants Diaz, Duran, and Juarez moved Plaintiff to the sally port and then to the gym side door where Defendant Jackson reminded Plaintiff that he told Plaintiff that he was going to get him. Id.

Defendants request that the Court take judicial notice of the RVR.[3] MTD at 3 n.4. Under

---

[3] In the RVR that was issued to Plaintiff as a result of the May 7, 2018 incident, Defendant Hernandez states that his supervisor directed him to report to Plaintiff's housing unit to ensure that Plaintiff moved to cell 250. ECF No. 40-3, Exhibit A to MTD at 3. Defendant Hernandez went to Plaintiff's cell 225 and informed Plaintiff that he needed to move to cell 250. Id. Plaintiff began to move when he suddenly stopped, clenched his hands, and yelled "fuck you! I ain't moving motherfucker" while swinging his fist at Defendant Hernandez and connecting with Defendant Hernandez' face. Id. In fear of his safety, Defendant Hernandez unholstered his MK-9 Oleoresin Capsicum spray and sprayed towards Plaintiff who continued to approach. Id. Plaintiff again swung for Defendant Hernandez. Id. Defendant Hernandez then moved towards Plaintiff and wrapped his arms around Plaintiff's arms and upper torso, pushing Plaintiff on the ground, and sweeping his feet out from under him. Id. Plaintiff continued to resist and tried to break free of Defendant Hernandez' hold. Id. After Plaintiff ignored Defendant Hernandez' direct orders to stop resisting, Defendant Hernandez punched Plaintiff twice in the face. Id. Plaintiff continued to resist. Id. As Defendant Hernandez pinned Plaintiff down, another officer (Defendant Hernandez was unsure which one) arrived and restrained Plaintiff's lower body. Id. at 4. Additional staff arrived and ordered Plaintiff to stop resisting. Id. Once the leg cuffs were on, Defendants Diaz and Hernandez flipped Plaintiff over onto his stomach. Id. Plaintiff stopped resisting and Defendant Hernandez handcuffed Plaintiff and turned him over to other staff members. Id. Defendant Hernandez's supervisor ordered him to report to medical for an evaluation. Id. The evaluation noted swelling on the left side of Defendant Hernandez' face. Id. Defendant Hernandez declined PEER Support and Employee Assistance Program Services.

7

Federal Rule of Evidence 201(b), "a court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)). Additionally, a court has authority to take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Lee, 250 F.3d at 689-90. Federal courts have found that RVRs fall within the category of public records subject to judicial notice. Daniels v. Valencia, 2018 WL 3640321, at *3–4 (E.D. Cal., July 30, 2018 (citing Jones v. Harrington, 2010 WL 3341597, at *1 (E.D. Cal. Aug. 24, 2010) (taking judicial notice of RVR in habeas proceeding); Givens v. Miller, 2017 WL 840658, at *2 (S.D. Cal. Mar. 3, 2017) (taking judicial notice of two dispositions of disciplinary hearings for two separate RVRs), aff'd, 708 F. App'x 354 (9th Cir. 2017)). However, taking judicial notice of an RVR does not mean that the factual allegations contained in the RVR are considered true. Id.; see also Lee, 250 F.3d at 690 ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'"). "[A] court cannot generally take judicial notice of the underlying 'factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.'" Daniels v. Valencia, 2018 WL 3640321, at *3–4 (quoting M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.1983) (citing Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice"), overruled on other grounds, Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

---

Id. Plaintiff was found guilty as charged and assessed a 150-day loss of good-time credits. Id. at 12-14.

Plaintiff alleges that the RVR was retaliatory in nature and that the content of the RVR is false. FAC at 5. While the Court will not take judicial notice of the factual allegations described in the RVR which are subject to reasonable dispute, the Court will take judicial notice of the (1) charge that was brought against Plaintiff (battery on a peace officer), (2) fact that Plaintiff was found guilty, (3) identity of the victim, Defendant Hernandez, and (4) resulting punishment, a 150-day good-time credit loss. See Daniels v. Valencia, 2018 WL 3640321, at *3–4 (taking judicial notice of the charge, victim and punishment, but not of the factual allegations contained in the RVR that were in dispute) (citing Wyatt, 315 F.3d at 1114 n.5 ("[F]actual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."); see also Lee, 250 F.3d at 690 (although the court can take judicial notice of undisputed matters of public record, the court cannot take judicial notice of disputed facts stated in public records); Rivera v. Hamlet, 2003 WL 22846114, at *5 & n.2 (N.D. Cal. Nov. 25, 2003) ("If the court cannot take judicial notice of a factual finding in other court cases, it certainly cannot take judicial notice of a factual finding in the less procedurally rigid prison disciplinary hearing."). Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' request for judicial notice as described above. See Rodriguez v. CDCR Departmental Review Bd., 2014 WL 7337391, at *6 (E.D. Cal., Dec. 23, 2014) (denying Defendants' request to take judicial notice of the relevant RVRs after "[a]ccepting Plaintiff's well-pled factual allegations that the contents of the RVRs were blatantly falsified out of retaliation animus as true and drawing all reasonable inferences in his favor as the non-moving party."); see also Hodge v. Gonzales, 2017 WL 931829, at *6 (E.D. Cal., Mar. 9, 2017) (stating that the court "does not presume that the facts alleged in the RVR are true and that Plaintiff's allegations are therefore false merely because it takes judicial notice of the RVR and the convictions" and noting that instead, "the well-pleaded allegations of the first amended complaint are construed in Plaintiff's favor in deciding this motion").

    C.    <u>Due Process and Excessive Force Claims</u>

The Heck bar "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Vandervall v. Feltner, 2010 WL 2843425, at *5 (E.D. Cal., July 19,

2010) (quoting <u>Ramirez</u>, 334 F.3d at 856) (citing <u>Jenkins v. Haubert</u>, 179 F.3d 19, 27 (2d Cir. 1999) ("[A] § 1983 suit by a prisoner ... challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by *Heck*."). If a plaintiff is serving a definite sentence, a loss of good-time credits sanction will lengthen the prisoner's sentence in accordance with the sanction; however, this is not the case where a plaintiff is serving an indeterminate sentence. See <u>Vandervall</u>, 2010 WL 2843425, at *6. Here, the undisputed information is that Plaintiff is serving a sentence of twenty-five years to life. Oppo. at 3; <u>see</u> also P.'s Memo at 2. Accordingly, Plaintiff's 150-day loss of good time credits will not have an impact on Plaintiff's maximum sentence and, therefore, the Favorable Termination Doctrine does not apply to Plaintiff's claims. See <u>Vandervall</u>, 2010 WL 2843425, at *6 (finding that plaintiff's §1983 action was not barred by the favorable termination rule where plaintiff received a sixty-day loss of credits but was serving two consecutive indeterminate life sentences and noting that since plaintiff was not serving a definite term "[t]he loss of credits c[ould] not extend plaintiff's maximum term, which [wa]s already life in prison); <u>see</u> also <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 840 (9th Cir. 2014) (noting that "[h]ere, El–Shaddai is serving an indefinite life sentence. Any loss of good-time credits could not extend his potential term, which is life in prison."); <u>Roman v. Knowles</u>, 2011 WL 3741012, at *12 (S.D. Cal. 2011) (finding that where the plaintiff was serving a life term, the loss of good-conduct credits had no effect on the inmate's sentence and plaintiff's claim was not barred by <u>Heck</u>) (citing <u>Ramirez</u>, 334 F.3d at 858 ("[W]here ... a successful § 1983 action would not necessarily result in an earlier release from incarceration ... the favorable termination rule of *Heck* and *Edwards* does not apply.")). Defendants have not presented any evidence or argument indicating that the 150-day loss of credits will affect the overall length of Plaintiff's confinement. See <u>Sanford v. Motts</u>, 258 F.3d 1117, 1119 (9th Cir. 2001) (noting that it was the defendants' burden to establish their <u>Heck</u> defense). Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's due process and excessive force causes of action pursuant to the favorable termination doctrine be **DENIED**.

///

1    **II.     Defendant Paramo**

2    Defendants argue that Defendant "Paramo should be dismissed because the complaint
3    fails to meet the requirements of Federal Rule of Civil Procedure 8(A)(2) and 12(b)(6)." MTD at
4    7. Plaintiff contends that because Defendant Paramo (1) reviewed and approved the RVR
5    regarding battery on Defendant Hernandez, (2) attended a committee hearing regarding
6    Plaintiff, his write ups, and possible litigation, and (3) ordered that the RVR be reissued and
7    reheard despite knowing that the incident was retaliatory, Defendant Paramo should not be
8    dismissed from this case. Oppo. at 4; see also P. Memo at 2.

9    A.     Allegations

> With respect to Defendant Paramo, the FAC states that Defendant Paramo
> resides in San Diego County & was employed as Warden. [T]his defendant is sued
> in his individual & official capacity under color of law Paramo directly participated
> in criminal conduct as a supervisor.

FAC at 3. The FAC further states that Defendant Paramo had a conversation with Defendant
Bracamonte on May 24, 2018 and "discussed 'litigation' during plaintiff[']s classification
committee." Id. at 5. Defendant Bracamonte informed Defendant Paramo that he had known
Plaintiff for fifteen years. Id. Finally, Plaintiff's FAC states that Defendant Paramo "ordered a
reissue/rehearing" on Plaintiff's write up. Id.

Normally, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not
look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition
to a defendant's motion to dismiss." Green v. Paramo, 2018 WL 6062359, at *5 (S.D. Cal. Nov.
20, 2018) (quoting Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)). However, "[f]acts
raised for the first time in plaintiff's opposition papers should be considered by the court in
determining whether to grant leave to amend or to dismiss the complaint with or without
prejudice." Id. Even considering the new facts presented in Plaintiff's opposition, Plaintiff fails
to state a claim for relief with respect to Defendant Paramo. In support of his contention that
Defendant Paramo should not be dismissed from the complaint, Plaintiff states

> Paramo reviewed & approved the incident report involving the battery on c/o R.

> Hernandez, Paramo attended a committee hearing involving plaintiff & discussed the write up & possibilities of litigation. Paramo ordered that the "write up" be reissued & reheard despite the knowledge of the incident being (retaliation) retaliatory in nature. Captain Phillip Bracamonte informed Paramo I've known plaintiff for 15 years he settled an excessive force claim in 2013 & let's transfer him out of the "Southern District" to avoid prosecution! Fair Notice involves Appeal pending at R.J.D.

Oppo. at 4.

### B. Analysis

Plaintiff does not provide facts sufficient to state a claim showing that he is entitled to relief due to any behavior by Defendant Paramo. FAC. Plaintiff's blanket statement that Defendant "Paramo directly participated in criminal conduct as a supervisor" is insufficient to state a claim against Defendant Paramo. See Easter, 694 F. Supp. 2d at 1183 (quoting Ivey, 673 F.2d at 268) ("[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Additionally, Plaintiff fails to explain how Defendant Paramo's conversation with Defendant Bracamonte or his decision to grant Plaintiff a rehearing is connected to Plaintiff's claim for excessive force on May 7, 2018, the filing of false RVRs, or a denial of his right to due process.

As the Court explained in its previous Report and Recommendation [see ECF No. 30], to state a claim for a constitutional violation under Section 1983, Plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." Johnson v. City of Shelby, 135 S.Ct. 346, 347 (2014) (citing Bell Atlantic Corp., 550 U.S. at 544; Ashcroft, 556 U.S. at 662). Government officials are not liable under § 1983 for their subordinates' unconstitutional conduct based on *respondeat superior* or another theory of vicarious liability, and Plaintiff is required to plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Iqbal, 556 U.S. at 676 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (finding no vicarious liability for a "municipal person" under 42 U.S.C. § 1983)). A supervisor may be individually liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). To be held liable, a supervisor need not be physically present when the alleged constitutional injury occurs nor be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." Starr, 652 F.3d at 1205 (citation omitted). Rather, the requisite causal connection is established when a supervisor "set[s] in motion a series of acts by others," or "knowingly refus[es] to terminate a series of acts by others which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (citation omitted). A supervisor may also be held liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates, . . . acquiescence in the constitutional deprivation," or "conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citation omitted). Additionally, a supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen, 885 F.2d at 646 (internal quotation marks and citation omitted).

In the FAC, Plaintiff again fails to state facts that would support a finding that Defendant Paramo violated his constitutional rights. Accordingly, and because this is Plaintiff's second effort to state this claim, the Court **RECOMMENDS** that Defendants' motion to dismiss Defendant Paramo from Plaintiff's FAC be **GRANTED WITHOUT LEAVE TO AMEND**.

## **CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, (2) denying Defendants' motion to dismiss Plaintiff's due process and excessive force causes of action pursuant to the Favorable Termination Doctrine, and (3) granting Defendants' motion to dismiss Defendant Paramo from Plaintiff's FAC without leave to amend.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **August 12, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 3, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 7/15/2019

Hon. Barbara L. Major
United States Magistrate Judge