# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>                Plaintiff,<br><br>v.<br><br>SERGEANT Q. JACKSON, *et al.*,<br><br>                Defendants. | Case No. 18-cv-02278-BAS-BLM<br><br>**ORDER:**<br><br>**(1) APPROVING & ADOPTING REPORT & RECOMMENDATION [ECF No. 50]**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF No. 40]** |

      Plaintiff Clifford Venson ("Plaintiff"), an inmate proceeding *pro se* and *in forma pauperis*, initially filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 28, 2018. (ECF No. 1.) Plaintiff filed the operative First Amended Complaint ("FAC") on April 8, 2019, following this Court's prior order approving and adopting a report and recommendation from Judge Barbara Major to grant Defendants' motion to dismiss Defendant Warden Paramo with leave to amend. (ECF Nos. 33, 35.) Plaintiff alleges that Defendants Jackson, Hernandez, Diaz, Durant, and Juarez, all correctional officers at Richard J. Donovan Correctional Facility ('RJD") in San Diego, California, used excessive force against him on May

7, 2018 while he was incarcerated at RJD in violation of the Eighth Amendment. (ECF No. 35, FAC at 4.) Plaintiff further alleges that his due process rights were violated during a June 30, 2018 hearing on a Rules Violation Report, an October 3, 2018 rehearing, and another February 28, 2019 rehearing because he was not allowed to call certain witnesses and other irregularities. (*Id*. at 5.)

Defendants Paramo, Jackson, Hernandez, and Diaz move to dismiss the entire FAC "because Plaintiff's entire claim is barred by the favorable termination doctrine" under *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff was found guilty of battery on a correctional officer. (ECF No. 40.) Alternatively, they seek dismissal of Defendant Paramo for failure to state a claim. (*Id*.) Plaintiff has still not served Defendants Juarez and Durant and thus they have not joined the motion. (ECF Nos. 7, 8.) Defendant Bracamonte joined Defendants' motion to dismiss after he was served with the FAC. (ECF No. 49.)

Magistrate Judge Barbara Major has issued a Report & Recommendation ("R&R") on Defendants' second motion to dismiss, which recommends that this Court (1) deny Defendants' motion to dismiss the FAC based on the favorable termination doctrine and (2) grant Defendants' motion to dismiss Defendant Paramo without leave to amend. (ECF No. 50.) August 12, 2019 was the deadline for either side to file objections to the R&R. (*Id.* at 13.) No side has objected. For the reasons herein, the Court (1) approves and adopts the R&R in its entirety, (2) grants in part and denies in part Defendants' motion to dismiss, and (3) dismisses Defendant Paramo without leave to amend.

## DISCUSSION

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Neither side has timely objected to the R&R and thus the Court is not required to conduct a *de novo* review. However, having reviewed the motion to dismiss submissions, the R&R, and applicable law, the Court finds that Judge Major's conclusions and recommendations are sound and appropriate. First, Defendants' motion to dismiss based on the favorable termination doctrine must be denied. Because Plaintiff is serving a sentence of 25 years to life, the 150-day loss of good time he received as a result of the battery finding will not have an impact on Plaintiff's maximum sentence and, therefore, he may proceed with this Section 1983 action. *See Roman v. Knowles*, No. 07cv1343–JLS (POR), 2011 WL 3741012, at *12 (S.D. Cal. June 20, 2011) (finding that where the plaintiff was serving a life term, the loss of good-conduct credits had no effect on the inmate's sentence and

plaintiff's claim was not barred by *Heck*). Second, Defendant Paramo is subject to dismissal without leave to amend because Plaintiff has once more not alleged sufficient allegations to hold Paramo liable. (ECF No. 50 at 12–13.) Plaintiff cannot proceed on mere allegations that Paramo is responsible as a supervisor of certain defendant officers. *See Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (plaintiff must plead a causal connection between the supervisor and the alleged unconstitutional conduct or identify an unconstitutional policy). Because Plaintiff has already been advised of the deficiencies in his claim against Defendant Paramo and has failed to correct them in the FAC, Plaintiff is not entitled to receive a second opportunity to amend his claim against Paramo.

## CONCLUSION & ORDER

For the foregoing reasons, the Court (1) **APPROVES AND ADOPTS** the R&R in its entirety, (ECF No. 50), and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss, (ECF No. 40). The Court **DISMISSES** Defendant Paramo **WITHOUT LEAVE TO AMEND**.

Defendants Juarez and Durant are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to serve these Defendants since October 10, 2018, when the Court authorized service to occur by the U.S. Marshals for all Forms 285 completed by Plaintiff. *See* Fed. R. Civ. P. 4(m). Plaintiff has not requested additional time to serve these Defendants, nor does the Court find it appropriate to provide Plaintiff with an extension.

All remaining Defendants **SHALL ANSWER** the FAC **no later than August 26, 2019.**

**IT IS SO ORDERED.**

**DATED: August 13, 2019**

Hon. Cynthia Bashant
United States District Judge