UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>                                           Plaintiff,<br>v.<br>SERGEANT Q. JACKSON, et al.,<br>                                          Defendants. | Case No.: 18CV2278-BAS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR EXPERT WITNESS AND REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF Nos. 73, 75, 78, AND 80]** |

### I.    **MOTIONS FOR EXPERT WITNESSES**

Currently before the Court are Plaintiff's Motions for Expert Witness [ECF Nos. 73, 75, and 78], Defendants A. Diaz, Q. Jackson, and J. Knight's opposition to the motions [ECF No. 82], and Defendant R. Hernandez's Joinder to Defendants' opposition [ECF No. 83]. Having considered all of the briefing and supporting documents, and for the reasons set forth below, the Court **DENIES** Plaintiff's Motions for Expert Witness.

### **RELEVANT BACKGROUND**

On October 28, 2019, Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a Second Amended Complaint under 42 U.S.C. § 1983 against three correctional officers and one sergeant alleging retaliation and the use of unnecessary and excessive force while Plaintiff was handcuffed. ECF No. 60.

1

**PLAINTIFF'S MOTIONS**

On January 14, 2020, Plaintiff submitted a Motion for Expert Witness that was received by the Court on January 23, 2020 and accepted on discrepancy on January 28, 2020. ECF Nos. 72 and 73. Plaintiff seeks to have the Court appoint Correctional Consultant James M. Esten as his expert and to pay for the cost of his services. ECF No. 73 at 2. Plaintiff proposes that the Court deduct the cost of Mr. Esten's services from his damages if he is successful and judgment is rendered in his favor. Id. Plaintiff reached out to Mr. Esten via letter on December 29, 2019 and received a response seeking additional information on January 6, 2020. Id. at 9 (letter from Mr. Esten to Plaintiff noting that he does not do *pro bono* work and that Plaintiff's case could easily cost in excess of $5,000.00). Plaintiff notes that he is filing this motion in part to satisfy the January 31, 2020 deadline for expert designations. Id. at 7 ("Plaintiff's Decl."); see also ECF No. 53 at 1. Plaintiff argues that an expert will "be able to provide information that [Plaintiff] does not have access to." Plaintiff's Decl. at ¶ 4. Finally, Plaintiff states that he "has been denied all discovery requested." ECF No. 73 at 5.

On January 18, 2020, Plaintiff submitted a second Motion for Expert Witness that was received by the Court on January 24, 2020 and accepted on discrepancy on January 28, 2020. ECF Nos. 74 and 75. It appears that Plaintiff seeks to have the Court engage the services of The Solutions Team @ Wexco on behalf of Plaintiff. Id. at 3. The Solutions Team @ Wexco's services include:

> depositions (witness & opposing experts) identify key documents, develop questions areas, analyze testimony & exhibits. Key documents – photos, incident reports. Key inquires: responsibility & conduct actions.

Id. Plaintiff notes that defense counsel has not responded to his discovery requests. Id. at 5.

On January 29, 2020, Plaintiff submitted a Motion for Expert Witness that was received by the Court on February 3, 2020 and accepted on discrepancy on February 4, 2020. ECF Nos. 77 and 78. Plaintiff again seeks to have the Court appoint Correctional Consultant James M. Esten as his expert and to pay for the cost of his services. ECF No. 78 at 4. Plaintiff notes that

Mr. Esten will provide "information on procedure & speak comprehensively about custody & use of force." Id. Specifically, Plaintiff plans to use Mr. Esten's expertise "as it applies to the training of new correctional officers & prison culture as it applies to inmates[s] & staff." Id. Mr. Esten charges $75 per hour for travel, $200 per hour for research and for deposition testimony, $1000 for court appearances, $95-$115 for each exhibit, and the government rate for personal vehicle use, and expenses. Id. at 10. Plaintiff notes that defense counsel ignored the First Set of Interrogatories that Plaintiff served on September 16, 2019.[1] Id. at 5.

## **DEFENDANTS' OPPOSITION**

On February 10, 2020, Defendants A. Diaz, Q. Jackson, and J. Knight filed an opposition to Plaintiff's motions to appoint expert witnesses. ECF No. 82. Defendants contend that "expert testimony is not appropriate when the jury can easily understand the allegations" and that "Plaintiff's request for the Court to pay for an expert adverse to the defense is not supported by case law." Id. at 2 and 4. Defendants also contend that Plaintiff's allegations of excessive force and retaliation "are straightforward and can be easily understood by a lay person without expert opinion." Id. at 2. Defendants note that Plaintiff is not required to have an expert and that Plaintiff's complaints about Defendants' lack of discovery responses are incorrect and better suited to a motion to compel. Id. at 2-3. Finally, Defendants contend that the case law does not support Plaintiff's request that the Court appoint an expert that will only advocate for Plaintiff. Id. at 4-5.

On February 11, 2020, Defendant R. Hernandez filed a joinder to co-defendants' opposition to Plaintiff's motion to appoint expert witnesses. ECF No. 83. Defendant Hernandez states that he joins Defendants' opposition brief and that

---

[1] Plaintiff's discovery concerns should not be raised in a Motion for Expert Witness. If Plaintiff has properly served discovery on Defendants and Defendants have not responded, Plaintiff may file a motion to compel discovery. The motion to compel discovery responses must include the specific discovery requests, proof that the requests were served on Defendant(s), any response received from Defendant(s), a description of Plaintiff's efforts to meet and confer with Defendants' counsel regarding the discovery, and legal and factual support for Plaintiff's motion to compel. The Court notes that Defendants state that they "have not received any discovery propounded by Plaintiff." Oppo. at 3.

> [i]n sum, expert witnesses are not needed to help the jury to assess whether the force used was reasonable, as this is a factual issue for the jury. Similarly, an expert witness is not needed to help explain the grievance process to the jury.

Id. at 1.

## **LEGAL STANDARD**

Rule 706 of the Federal Rules of Evidence authorizes the Court to appoint an independent expert. Such an appointment is within the discretion of the trial judge and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." See Torbert v. Gore, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); see also Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."). An expert appointed pursuant to Rule 706 does not serve as an advocate for either party, and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."). "The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants." Stakey v. Stander, 2011 WL 887563, at *3 n.1 (D. Idaho Mar. 10, 2011); see also Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses."). "Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in *pro se* cases." Stakey, 2011 WL 887573, at *3 n.1.

## **DISCUSSION**

Plaintiff's claims of retaliation and excessive force are not so complex as to warrant the testimony of an expert. In evaluating a claim of excessive force, the focus is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Faletogo, 2013 WL 524037, at *2 (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). This issue can be understood by a jury without the assistance of "scientific, technical,

or other specialized knowledge." Torbert, 2016 WL 3460262, at *2. Plaintiff does not argue or present evidence establishing that his case involves complex or technical matters and the Court finds that it does not. Plaintiff appears to be asking the Court to appoint an expert because he cannot afford to do so and he would like to have an expert support his position. This is not an appropriate basis for the appointment of an independent expert under Rule 706. See Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's motion for appointment of a Rule 706 expert in a § 1983 civil rights action where "the issues [we]re not so complex as to require the testimony of the expert witness to assist the trier of fact" and reasoning that "Plaintiff has not requested an expert because one is needed to assist the court. Rather Plaintiff is requesting an expert because he cannot afford to hire one."); see also Faletogo, 2013 WL 524037, at *2. Accordingly the Court finds that a court-appointed expert is not appropriate for this case and **DENIES** Plaintiff's motion for such an appointment.

The denial of a court-appointed expert does not prevent any party from presenting expert testimony. Fed. R. Evid. 706(e). Here, Plaintiff seems to be filing his motions in part because he did not want to miss the January 31, 2020 deadline for expert designation. ECF No. 53 at 1; see also ECF No. 73 at 7 ("I did want to provide the initial letter as evidence before the 1-31-20" deadline); and ECF No. 75 at 2 ("Plaintiff prays that this Court allow additional time beyond January 31, 2020 for Plaintiff to provide support documentation."). If Plaintiff wants to hire an expert to help him with his case, Plaintiff may do so but Plaintiff must pay the expert's costs. To accommodate Plaintiff's apparent desire to hire an expert, the Court **GRANTS** Plaintiff's motion to extend the expert discovery deadlines. If Plaintiff wants to designate an expert, he must do so by **March 16, 2020**. If he does designate an expert, Plaintiff also must provide the required expert disclosures by **March 16, 2020**. If Plaintiff does designate an expert witness, Defendants may designate a rebuttal expert witness, and provide the required disclosures, by **April 13, 2020**.[2] The Court notes that the *in forma pauperis* statute, 28 U.S.C. § 1915, "does

---

[2] With the exception of the expert discovery deadline which is continued from **March 27, 2020** to **April 27, 2020**, all other dates and deadlines will remain as previously set. See ECF No. 53.

not waive payment of fees or expenses for witnesses" so Plaintiff must pay his expert's fees and costs. Dixon, 990 F.2d at 480 (denying compensation for two medical doctors subpoenaed to testify on prisoner's behalf in 42 U.S.C. § 1983 action); see also Bovarie v. Schwarzenegger, 2011 WL 7468597, at *19 (S.D. Cal. Sept. 21, 2011) (citing Hadsell v.Comm'r, 107 F.3d 750, 752 (9th Cir. 1997)) ("Section 1915 . . . does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs."). Thus, while Plaintiff may designate an expert witness as set forth above, he must pay for that expert himself and to the extent he is requesting payment of expert fees under 28 U.S.C. § 1915, Plaintiff's request is **DENIED**.

## II. **MOTION FOR JUDICIAL NOTICE**

On January 28, 2020, Plaintiff submitted a Motion for Judicial Notice that was received by the Court on February 3, 2020 and accepted on discrepancy on February 4, 2020. ECF Nos. 79 and 80. Plaintiff requests that the Court take judicial notice of another case in this district, Moody, et al., v. California Department of Corrections and Rehabilitation, et al, Case Number 18cv1110-WQH(AGS), that involves some of the same defendants as the Defendants in the instant matter and similar claims. ECF No. 80 at 1. Plaintiff argues that this information demonstrates that "the culture and conduct of defendants described by all plaintiffs who are all 'black' is consist[e]nt." Id. at 2.

Under Federal Rule of Evidence 201(b), "a court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)). Additionally, a court has authority to take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Lee, 250 F.3d at 689-90.

Plaintiff has not tied his request for judicial notice to an actual purpose or pending motion in this case. Plaintiff was not involved in the allegations being made in the Moody matter and the Moody Plaintiffs are not involved in this instant matter. The fact that there may be some overlap between Defendants in both cases is not a matter needing or requiring judicial notice.

In addition, Plaintiff's request is based on his argument that the Moody case involves "the same or substantially the same parties." Id. at 1. The Moody case involves four Plaintiffs, none of whom are a party to the instant matter. Id. at Exh. A. The Moody case also names thirteen defendants, only two of whom are also named in this case, Defendant Paramo and Defendant Duran.³ Id. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: 2/19/2020

Hon. Barbara L. Major
United States Magistrate Judge

---

³ While two of the Moody Defendants appeared in this case, Defendant Paramo was dismissed from the instant matter on August 13, 2019. See Docket; see also ECF No. 51.