1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>                              Plaintiff,<br><br>    v.<br><br>SGT. Q. JACKSON, *et al.*,<br><br>                              Defendants. | Case No. 18-cv-02278-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE**<br><br>**[ECF Nos. 68, 71, 87]** |

Before the Court are Plaintiff's three Motions to Strike Defendants' Affirmative Defenses.  (ECF Nos. 68, 71, 87.)  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motions.

## I.     BACKGROUND

Pro se Plaintiff Clifford Venson ("Plaintiff"), incarcerated at Corcoran State Prison ("CSP"), commenced this action pursuant to 42 U.S.C. § 1983 for Eighth Amendment violations on September 28, 2018 after he was allegedly assaulted by Defendants and subsequently disciplined for battery on a peace officer.  (Compl., ECF No. 1.)  Plaintiff filed the operative Second Amended Complaint ("SAC") on October 29, 2019.  (ECF No. 60.)  Defendants Q. Jackson and A.S. Diaz jointly filed an Answer on November 12, 2019 ("Jackson/Diaz Answer," ECF No. 63), Defendant R. Hernandez separately answered on November 15, 2019 ("Hernandez Answer," ECF No. 65), and Defendant J. Knight filed an Answer on January 13, 2020 ("Knight Answer," ECF No. 69).

Plaintiff's three Motions to Strike Defendants' Affirmative Defenses address different Defendants and make arguments in a piecemeal fashion.  In his First Motion, Plaintiff "objected to all affirmative defenses alleged" in the Jackson/Diaz and Hernandez Answers but only specifically addressed failure to exhaust administrative remedies, qualified immunity, and the *Heck v. Humphrey* bar.  (ECF No. 68.)  In his Second Motion, Plaintiff elaborates on his request to strike the failure to exhaust defense—now raised by all Defendants—by attaching documentation of his appeal of his disciplinary Rules Violation Report ("RVR").  (ECF No. 71.)  Plaintiff's Third Motion to Strike "rejects all (6) six affirmative defenses relied upon by" all Defendants,[1] but specifically addresses only Defendant Knight's failure to exhaust administrative remedies and qualified immunity defenses.  (ECF No. 87.)

Defendants Diaz, Jackson and Knight jointly filed an opposition and Defendant Hernandez separately opposed.  (ECF Nos. 98, 99.)

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Ninth Circuit has held that " '[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

To strike a defense, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Levin–Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990).  "The key

---

[1] While Defendants Diaz, Jackson, and Knight relied on the same six affirmative defenses, Defendant Hernandez asserted 12 affirmative defenses in his Answer.  (*See* ECF No. 65.)  The Court assumes, for purposes of this Order, that Plaintiff moves to strike from Defendant Hernandez's Answer only those affirmative defenses also raised in the Answers of Defendants Diaz, Jackson, and Knight.

to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense" and does not require a detailed statement of facts. *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege." *Id.* (internal citations omitted.)

## III.   DISCUSSION

Defendants stipulate to striking some defenses and oppose others.  The Court addresses each defense separately below.

### A.     Failure to Exhaust (All Defendants)

Defendants Jackson, Diaz, and Hernandez stipulate to strike this defense because they were named in Plaintiff's administrative grievances.  However, Defendant Knight, who appears to be the Appeals Examiner who oversaw the administrative process, is not named in any of Plaintiff's administrative grievances.  (*See* ECF No. 87-1.)  As such, there is no basis to strike the failure to exhaust administrative remedies defense as to him.  The Court therefore grants Plaintiff's Motions to Strike the failure to exhaust administrative remedies defense as to only Defendants Jackson, Diaz, and Hernandez.

### B.     Qualified Immunity (All Defendants)

Plaintiff seeks to strike Defendants' qualified immunity defenses because, he argues, the constitutional rights purportedly violated by Defendants were clearly established at the time of the violation.  (First Mot. at 2; Third Mot. at 3.)

"Motions to strike, however, are granted only when an affirmative defense fails to provide notice, not when it is likely to fail on the merits." *Smith v. Cobb*, No. 15-CV-00176-GPC, 2017 WL 3887420, at *6 (S.D. Cal. Sept. 5, 2017). Here, Defendants provide such notice.  They outline in general terms the factual basis for their qualified immunity defense, including that Defendants acted within the scope of their discretion and with a

good faith belief in the lawfulness of their actions.  *See Basque v. Cty. of Placer*, No. 2:16-CV-2760 KJN, 2017 WL 950503, at *3 (E.D. Cal. Mar. 10, 2017) (citing *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002)).  Thus, the Court denies the Motion to strike this affirmative defense.

### C.    Eleventh Amendment Immunity (All Defendants)

Defendants also raise an affirmative defense attesting that they are immune to suits for damages in their official capacity under the Eleventh Amendment. Plaintiff does not make any specific arguments in support of striking this defense.

"The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). Here, Plaintiff sues all Defendants in their official capacity and alleges that all are employed by the Richard J. Donovan Correctional Facility, a California state prison.  (SAC ¶¶ 1, 2.)  By raising Eleventh Amendment immunity in their Answers, Defendants have provided sufficient notice to Plaintiff regarding this defense. *See Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) ("Eleventh Amendment immunity is an affirmative defense that must be raised early in the proceedings to provide fair warning to the plaintiff.") (quotations and citation omitted); *see also Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 758 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (belated assertion of Eleventh Amendment immunity considered waiver). Therefore, to the extent Plaintiff seeks to strike Defendants' Eleventh Amendment immunity defense, the Court denies his Motions.

### D.    Contributory Liability (Defendants Diaz, Jackson, and Knight)

Defendants Diaz, Jackson, and Knight's Answers include an affirmative defense for "Liability for Contributory Conduct," which states in its entirety: "Plaintiff's alleged injuries or damages were the result of his own negligent or deliberate actions."  (ECF No. 63 at 3; ECF No. 69 at 3.)  Plaintiff does not make any specific arguments in support of striking this defense.  However, "[a] bare assertion of negligence or contributory fault without any indication of the conduct supporting the defense does not pass muster, even

- 4 -

18cv2278

1  under the fair notice standard." *See Devermont v. City of San Diego*, No. 12-CV-01823
2  BEN KSC, 2013 WL 2898342, at *6 (S.D. Cal. June 14, 2013) (citing *Roe v. City of San*
3  *Diego*, 289 F.R.D. 604, 612 (S.D. Cal. 2013)).  The Court therefore strikes this defense.

### E.   *Heck v. Humphrey* (All Defendants)

All Defendants have stipulated to striking this defense.  The Court therefore grants
strikes the *Heck v. Humphrey* affirmative defense as to all Defendants.

### F.   Reservation of Right to Assert Additional Defenses (All Defendants)

Defendants Diaz, Jackson, and Knight stipulate to strike this defense.  Defendant
Hernandez raised this affirmative defense in his Answer but does not address it in his
opposition to Plaintiff's Motion to Strike; in fact, he specifically states that he stipulates
only to striking the failure to exhaust and *Heck v. Humphrey* defenses.  However, the
reservation of future affirmative defenses is not properly brought as an affirmative defense.
*See Vargas v. Cty. of Yolo*, No. 2:15-CV-02537-TLN-CKD, 2016 WL 3916329, at *9 (E.D.
Cal. July 20, 2016); *Devermont*, 2013 WL 2898342, at *9.  Hence, the Court strikes this
affirmative defense.

## IV.   CONCLUSION AND ORDER

The Court therefore **GRANTS IN PART** and **DENIES IN PART** Plaintiff's First
Motion (ECF No. 68), Second Motion (ECF No. 71), and Third Motion (ECF No. 87), and
**ORDERS** as follows:

(1)   The Court **STRIKES WITHOUT LEAVE TO AMEND** the failure to
exhaust administrative remedies affirmative defense as to Defendants
Jackson, Diaz, and Hernandez;

(2)   The Court **DENIES** Plaintiff's Motions to Strike Defendants' qualified
immunity defense;

(3)   The Court **DENIES** Plaintiff's Motions to Strike Defendants' Eleventh
Amendment immunity defense;

(4)   The Court **STRIKES WITH LEAVE TO AMEND** Defendants Diaz's,
Jackson's, and Knight's Liability for Contributory Conduct defense;

18cv2278

(5)     The Court **STRIKES WITHOUT LEAVE TO AMEND** the *Heck v. Humphrey* affirmative defense as to all Defendants;

(6)     The Court **STRIKES WITHOUT LEAVE TO AMEND** the reservation of rights affirmative defense as to all Defendants.

If Defendants Diaz, Jackson, or Knight wish to file an amended answer consistent with this order, they must do so no later than **July 30, 2020**.

**IT IS SO ORDERED.**

**DATED: July 16, 2020**

**Hon. Cynthia Bashant**
**United States District Judge**

18cv2278