UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>SERGEANT Q. JACKSON, et al.,<br><br>                                    Defendants. | Case No.:  18CV2278-BAS (BLM)<br><br>**ORDER DENYING MOTION FOR REFERRAL TO THE FEDERAL PRO BONO PROJECT**<br><br>**[ECF NO. 109]** |

On July 15, 2020, Plaintiff submitted an *Ex Parte* Motion for Referral of Case to Federal Pro Bono Project that was received by the Court on July 20, 2020 and accepted on discrepancy on July 22, 2020.  See ECF Nos. 108-109.  Plaintiff requests that the Court refer his case to the Federal Pro Bono Project in an "attempt to locate volunteer counsel to try this case."  Id. at 3. Plaintiff argues that exceptional circumstances exist due to the Covid-19 pandemic and that on January 23, 2013, he was granted the appointment of counsel and referred to the Federal Pro Bono Project in another matter pending in the Northern District of California.  Id.; see also Exhibit 1.

A.      Referral to Federal Pro Bono Project

"The Federal Pro Bono Project (the "Project") is a joint effort of the Justice & Diversity

1

1    Center of The Bar Association of San Francisco and the United States District Court for the

2    Northern District of California." https://www.probono.net/sf/Federalcivil/.   "The Federal Pro

3    Bono Project assists litigants who do not have legal representation in the Northern District of

4    California." https://www.sfbar.org/jdc/jdc-legal-services-programs/federal-pro-bono-project/.

5    The Project provides "information and advice at the Legal Help Centers located in the San

6    Francisco and Oakland district courthouses" and "also arranges pro bono legal representation

7    for litigants without legal representation and who have cases in the Northern District of

8    California." Id.  "To be referred for placement with a pro bono attorney, the court must issue

9    an order asking the project to identify counsel." Id.

10        Because the instant matter is being litigated in the Southern District of California and not

11   the Northern District, Plaintiff is not eligible for referral to the Federal Pro Bono Project.

12   Accordingly, Plaintiff's motion for an order referring Plaintiff to the Federal Pro Bono Project is

13   **DENIED WITH PREJUDICE**.

14   B.    Appointment of Counsel

15        In the event that Plaintiff alternatively seeks an order appointing counsel, the Court

16   reminds Plaintiff that the Constitution provides no right to appointment of counsel in a civil case

17   unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't

18   of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are

19   granted discretion to appoint counsel for indigent persons under "exceptional circumstances."

20   Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional

21   circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the

22   merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity

23   of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

24   1986)).

25        Thus far, Plaintiff has drafted and submitted pleadings and motions without the assistance

26   of counsel. See Docket.  In addition to the instant motion, he has submitted a complaint (ECF

27   No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a prisoner trust fund account

28   statement (ECF No. 3), multiple notices of change of address (ECF Nos. 6, 24, 32, 39, 66), a

motion to appoint counsel (ECF No. 10), a motion for referral to the Federal pro bono Program (ECF No. 13), an opposition to Defendants motion to dismiss (ECF No. 21), a letter requesting that the Court review a perceived error on the briefing schedule (ECF No. 23), a second opposition to Defendants' motion to dismiss (ECF No. 25), a third opposition to Defendants' motion to dismiss (ECF No. 27), a first amended complaint (ECF No. 35), an opposition to Defendants' motion to dismiss the first amended complaint (ECF No. 42), a declaration in support of the opposition (ECF No. 43), a second opposition to Defendants' motion to dismiss the first amended complaint (ECF No. 47), a motion to continue deadlines by thirty days (ECF No. 58), a second amended complaint (ECF No. 60), multiple motions to strike affirmative defenses (ECF Nos. 68, 71, 87), motions for expert witness (ECF No. 73, 75, 78), a motion for judicial notice (ECF No. 80), and an opposition to Defendants' motion for summary judgment (ECF No. 107). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case without legal assistance.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").  Further, Plaintiff has not demonstrated a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]."  Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331.

Plaintiff argues that exceptional circumstances exist due to COVID-19 and that he was forced to submit his opposition to Defendants' motion for summary judgment without accessing the law library due to COVID-19 protocols.  ECF No. 109 at 2-3.  However, Plaintiff does not address whether legal materials were made available to him in other ways and does not provide any details as to how the COVID-19 pandemic has created an exceptional circumstance in this case.  Id.  Accordingly, the Court does not find that the COVID-19 pandemic has created exceptional circumstances such that the appointment of counsel is warranted in this case.  See Pitts v. Washington, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying plaintiff's

3

request for the appointment of counsel and concluding that plaintiff's bare assertion that he was "unable to access the law library because of social distancing" and the COVID-19 pandemic did not constitute exceptional circumstances); see also Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal. May 20, 2020) ("The impacts of the COVID-19 health crisis on prison operations are also common to all prisoners.").

Because Plaintiff has not alleged the requisite "exceptional circumstances," the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated:  7/22/2020

Hon. Barbara L. Major
United States Magistrate Judge

4

18cv2278-BAS (BLM)