1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALLAN VENSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SGT. Q. JACKSON, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 18-cv-02278-BAS-BLM<br><br>**ORDER DENYING PLAINTIFF'S FOURTH MOTION TO STRIKE**<br><br>**[ECF No. 114]** |

　　　　Before the Court is Plaintiff's Fourth Motion to Strike Affirmative Defenses stated in the Amended Answer filed by Defendants A.S. Diaz, Q. Jackson, and J. Knight ("Defendants"). (ECF No. 114.) Plaintiff requests that Defendants' qualified immunity and liability for contributory conduct defenses be stricken because documentary evidence reflects that Defendants assaulted and handcuffed Plaintiff and did not act in accordance with due process requirements during the underlying incident. (*Id.*)

　　　　A court can only strike a defense if it determines that there is no set of factual circumstances under which the defense could be found meritorious. *See Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013); *Levin–Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990). If a defense provides fair notice to a plaintiff, then it is generally deemed legally sufficient. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

As the Court stated in its July 16, 2020 order, defenses can only be stricken if it does not provide fair notice of the defense and there is no set of circumstances under which a defense could be meritorious. (ECF No. 106.) The Court previously found that Defendants' qualified immunity defense provides fair notice to Plaintiff. (*Id.* at 3–4.) As to the contributory liability defense, the Court initially granted Plaintiff's Motion to Strike on the basis that Defendants stated only a bare assertion that did not provide fair notice. In their Amended Answer, Defendants now allege specific conduct by Plaintiff supporting the defense. This defense now satisfies the notice standard.

Further, Plaintiff's evidentiary citations notwithstanding, the Court cannot, at this stage, find that no set of circumstances exists under which these defenses could succeed. Plaintiff appears to base his motion on the ground that evidence exists to undermine them, thus requiring the Court to weigh evidence related to these defenses. This inquiry is more appropriately undertaken on a motion for summary judgment, which is currently pending before the Magistrate Judge.

Accordingly, the Court **DENIES** Plaintiff's Fourth Motion to Strike Defendants' qualified immunity defense from the Amended Answer. (ECF No. 114.)

**IT IS SO ORDERED.**

**DATED: August 18, 2020**

Hon. Cynthia Bashant
United States District Judge